*348 OPINION.
Scofield, J.,
delivered the opinion of the court:
The claimant was commissioned a lieutenant in the Navy February 22,1867. After serving in that capacity about twenty and one-half months, he was placed on the retired list because he was not recommended for j>romotion in conformity to the Act of April 21, 1864 (13 Stat. L., 63). ,
The question is whether his retired pay shall be $1,200 or $1,300 a year.
The law provides (Eev. Stat., § 1688) that his pay shall be equal to u one-half the sea-pay provided for the grade or rank held by him at the time of his retirement.” The sea-pay of a lieutenant during the first five years of service is $2,400, and during the second five years, $2,600. Claimant was retired during his first lustrum, but claims pay as if retired in the second.
There is no fact in this case that can, in principle, distinguish it from Rutherford’s Case, except that the class of lieutenants, in the statute, is called a grade, and the class of chief engineers is not. In the Navy there are grades for duty, for honor, and for pay. Some of them are made grades by name, others by description. Every lieutenant has the grade of his class and also a grade in his class, by which his pay is ascertained, depending upon the length of his own personal service. The one is called a grade in the law, the other is only described as such.. In the Rutherford Case we held that the words “ grade or rank ” in section 1688 should, when necessary to make sense, be considered as referring to grades described as well as those named in the law. To compute the pay of the claimant, we must consider each lustrum as a grade, although not technically so called, because his pay can only be determined by these divisions of time.
The claimant has been allowed by the accounting officers 60 per centum of the sea-pay provided for the lustrum' or pay grade, in the grade of lieutenants, at the time of his retirement. In our judgment he is entitled to no more.
The question of longevity pay on the retired list is decided in the Thornley Case (ante, 111). We adhere to the opinion there given, and, in accordance with it, rule against the claimant on that point also.
Claimant’s petition is dismissed.